UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE BOARD OF MANAGERS OF THE
DIOCESAN MISSIONARY SOCIETY OF
THE PROTESTANT EPISCOPAL CHURCH
IN THE DIOCESE OF NEW YORK,

        *Plaintiff*,

    v.

COLONNELLI BROTHERS, INC., *et al.*,

        *Defendants*.

No. 25-CV-1879 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

The Board of Managers of the Diocesan Missionary Society of the Protestant Episcopal

Church in the Diocese of New York ("Plaintiff") brings this Action against the Colonnelli

Brothers, Inc., et al., and Charles McCartney ("McCartney"), seeking recovery under 42 U.S.C.

§§ 9607, 9613 and 28 U.S.C. §§ 2201, 2202 for equitable indemnity and restitution, claims for

trespass and nuisance, and recovery of costs for contamination at Plaintiff's property.  (*See*

Compl. (Dkt. No. 1) 2.)  McCartney submitted the instant Application requesting the

appointment of pro bono counsel.  (*See* Appl. for Counsel ("Appl.") (Dkt. No. 34) 1–2.)  For the

foregoing reasons, McCartney's Application is denied.

Plaintiff initiated this Action on March 6, 2025.  (*See* Compl.)  McCartney was served on

March 26, 2025, and his Answer to the Complaint was initially due by April 16, 2025.  (*See* Dkt.

No. 7.)  The Court granted McCartney's request for an extension and directed him to file his

Answer by May 17, 2025.  (*See* Dkt. No. 32.)  Instead, McCartney filed the instant Application.

LEGAL STANDARD

28 U.S.C. § 1915(e)(1) (the "IFP statute") provides that courts "may request an attorney to represent any person unable to afford counsel." Unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel in civil cases. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.*; *see also Ceara v. Deacon*, No. 13-CV-6023, 2020 WL 8512861, at *1 (S.D.N.Y. Dec. 9, 2020). Even if a court believes a litigant should have a pro bono lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989); *see also Drayton v. Young*, No. 17-CV-5440, 2020 WL 9458906, at *1 (S.D.N.Y. Nov. 24, 2020). Moreover, courts do not have funds to pay counsel in civil matters, and so they must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. *See* 802 F.2d at 61–62. The litigant must first demonstrate he or she is indigent by, for example, successfully applying for leave to proceed in forma pauperis ("IFP"). The court must then consider whether the litigant's claim "seems likely to be of substance" which is "a requirement that must be taken seriously." *Id.* 60–61. If the request meets these threshold requirements, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the

fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including the litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application is decided on its own facts. *See Hodge*, 802 F.2d at 61; *see also Norman v. Doe*, No. 17-CV-9174, 2020 WL 6808854, at *1 (S.D.N.Y. Nov. 19, 2020). "Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered.").

## DISCUSSION

McCartney argues he requires counsel because he is "financially unable to obtain representation" and that his "primary means of financial support is [his] Social Security benefit." (Appl. 1.) Further, McCartney argues he requires counsel because he is retired and only works "part time performing manual labor" and that the attorneys he has contacted "have requested $25,000," which he cannot afford. (*Id.*)

3

As a threshold matter, "the litigant must first demonstrate that he or she is indigent." *Bey v. Mazda Motors of Am., Inc.*, No. 22-CV-3328, 2022 WL 2713516, at *1 (S.D.N.Y. July 13, 2022) (citing *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994)). A litigant may demonstrate indigence by, for example, providing evidence that would support a request to proceed in forma pauperis. *See id.*; *Doe v. Marriott*, No. 24-CV-8027, 2025 WL 1632088, at *1 (S.D.N.Y. May 8, 2025) (noting that a litigant may demonstrate indigence "by successfully applying for leave to proceed in forma pauperis" (italics omitted)).

On the Application, Defendant checked a box declaring that he "[has] not previously filed an IFP application in this case and now attach[es] an original IFP application showing [his] financial status." (Appl. 1.) However, no IFP application is attached or otherwise filed on the docket. (*See generally* Dkt.) Defendant has not provided any information as to his income, savings, or assets, or provided any evidence whatsoever that goes toward demonstrating his financial need for pro bono counsel. In the absence of any such evidence as to his indigence, Defendant has failed to meet the threshold requirement for requesting counsel under *Hodge*. *See Doe*, 2025 WL 1632088, at *1(denying a motion for pro bono counsel because plaintiff failed to demonstrate she was indigent); *Sardarian v. Fed. Emergency Mgmt. Agency*, No. 19-CV-910, 2019 WL 8331443, at *5 (D. Conn. June 19, 2019) (denying plaintiff's request for counsel because the court "may only grant pro bono counsel to those who are indigent"); *Paulini v. City of N.Y.*, No. 15-CV-709, 2016 WL 5946189, at *2 (S.D.N.Y. Oct. 7, 2016) (finding no clear proof plaintiff was "indigent" and denying the request for counsel). "Because Plaintiff has not shown he meets these threshold inquiries, the Court does not address the remainder of the *Hodge* factors." *Bey*, 2022 WL 2713516, at *2.

4

CONCLUSION

For the reasons set forth above, Defendant's Application is denied without prejudice.

The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 34.

SO ORDERED.

Dated:    July 2, 2025
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

5